In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2981

Mary Perugini-Christen,

Plaintiff-Appellant,

v.

Homestead Mortgage Company and
Reliance Standard Life Insurance Company,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 1:00 CV 57--William C. Lee, Chief Judge.

Argued January 16, 2002--Decided April 19, 2002


   Before Bauer, Rovner, and Williams, Circuit
Judges.

   Williams, Circuit Judge.  Mary Perugini-
Christen was covered by long-term
disability insurance under a group policy
provided by Reliance Standard Life
Insurance Company. When she became
disabled, Perugini filed for benefits
under the Reliance plan. Reliance paid
benefits to Perugini, but the amount it
paid was less than Perugini thought she
should receive, and she filed suit. The
district court granted summary judgment
in Reliance's favor. We conclude that the
district court correctly reviewed the
plan administrator's decision de novo and
that the administrator correctly
characterized the profit compensation
language of the employment agreement as a
bonus for purposes of the ERISA plan.

I.  BACKGROUND

   From 1985 until 1993, Perugini was the
owner, president, and CEO of People's
Mortgage Company in Fort Wayne, Indiana.
In 1993, Perugini sold People's to
Homestead Mortgage Company. As part of
the sale, Perugini entered into a deal
with Homestead to act as an independent
branch manager for the Fort Wayne office.
Perugini negotiated a compensation
package under which she was to receive
fifty percent of the branch profits in

addition to her annual salary./1 Perugini worked under this compensation plan until she became disabled in 1996. Perugini filed a claim for long-term disability benefits with Reliance, Homestead's disability insurance carrier. Under Reliance's benefits plan, Perugini's benefits were to be based on her covered monthly earnings. Covered monthly earnings were defined as the employee's monthly salary and any commissions or bonuses averaged over the preceding twelve months, with respect to commissions, or thirty-six months, with respect to bonuses. The plan does not define either salary or bonus.

Reliance considered the branch profits Perugini received to be a bonus and averaged them over a thirty-six month period to calculate her monthly benefit. Perugini disagreed and the district court found that the plan language was not ambiguous. Furthermore, the district court classified the branch profits compensation as bonuses because Perugini's employment agreement designated them as such and the ordinary definition of bonus encompassed the branch profits compensation.

II.  ANALYSIS

A.  Standard of Review

The Supreme Court has made it clear that "a denial of benefits challenged under sec. 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber v. Bruch, 489 U.S. 101, 115 (1989). In determining whether a plan grants its administrator discretion, we must look to the language of the plan. Postma v. Paul Revere Life Ins. Co., 223 F.3d 533 (7th Cir. 2000).

Reliance argues that the plan grants it discretionary authority because it required Perugini to submit:

"satisfactory proof of Total Disability to [Reliance]."

However, "the presumption of plenary review is not rebutted by the plan's stating merely that benefits will be paid

only if the plan administrator determines they are due, or only if the applicant submits satisfactory proof of his entitlement to them." Herzberger v. Standard Ins. Co., 205 F.3d 327, 331 (7th Cir. 2000). Rather, the plan shouldclearly and unequivocally state that it grants discretionary authority to the administrator, which we find the plan did not do.

In this case, the language at issue is open to two reasonable interpretations: (1) that Perugini submit to Reliance satisfactory proof or (2) that she submit proof which is satisfactory to Reliance. The former interpretation would simply require Perugini to submit requested documents, the latter would be satisfied only if Perugini's documents satisfied Reliance's subjective notions of what was required. Because it is not clear from the plan language which interpretation is the correct one, we find that Reliance failed to reserve discretionary authority. Accordingly, we will engage in plenary review.

Two of our sister circuits have been faced with this issue and have reached opposite conclusions. In Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 251-52 (2d Cir. 1999), the Second Circuit was faced with language identical to the plan at issue in this case and held that "the language of First Reliance's policy is insufficient to pre clude de novo review," because it is not clear whether the language "means only that the claimant must submit to First Reliance proof that is satisfactory or that the claimant must submit proof that is satisfactory to First Reliance." However, the Sixth Circuit found that the same language conferred deferential review. In Yeager v. Reliance Standard Life Ins. Co., 88 F.3d 376, 381 (6th Cir. 1996), the court found that "[a] determination that evidence is satisfactory is a subjective judgment that requires a plan administrator to exercise his discretion." While the Sixth Circuit is correct in finding that a determination that evidence is satisfactory is a subjective judgment, we agree with the Second Circuit that merely requiring satisfactory proof "is an inadequate way to convey the idea that a plan administrator has discretion. Every plan that is administered requires

submission of proof that will 'satisfy' the administrator." Kinstler, 181 F.3d at 252. Therefore, "unless a policy makes it explicit that the proof must be satisfactory to the decision-maker, the better reading of 'satisfactory proof' is that it establishes an objective standard, rather than a subjective one." Kinstler, 181 F.3d at 252./2 Although we believe that under either standard of review the district court reached the correct decision, we find the district court was correct in applying plenary review.

B.  Perugini's Compensation was a Bonus

Turning to the merits, Perugini claims that the district court erred in finding that the branch profits constituted bonuses rather than commissions. Perugini argues that because she was contractually entitled to the branch profits, they cannot be considered bonuses. Reliance counters that Perugini's employment agreement with Homestead characterized the branch profit payments as bonuses, and therefore, Perugini should be bound by the terms of that agreement. The district court found that the branch profits were correctly classified as bonuses, and we agree.

Perugini relies on Lister v. Stark, 942 F.2d 1183 (7th Cir. 1991), to support her contention that the branch profits should be considered commission rather than bonus. In Lister, the plaintiff, a salesman whose compensation was based solely on commissions, was promoted to a management position and his compensation was changed to a combination of salary and percentage of regional profits. At least one of the employment documents characterized the regional profits as commission, which was to be considered part of the plaintiff's salary. However, the plaintiff's pension was calculated to include salary, without regard to commissions, and the district court upheld that decision. This court reversed, finding it implausible that the plan contemplated that employees promoted to management would receive less in pension benefits than the subordinates they supervised. Perugini latches on this court's finding in Lister that the regional profits were properly considered commission rather than bonus. Lister, 942 F.2d at 1189. However, as we made clear

in Lister, that conclusion was based on the individual circumstances of that case, and our conclusion that a contrary interpretation was implausible:

[a]n interpretation will not pass muster . . . when the evidence of records demonstrates that thetrustees "entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before [it] or is so implausible that it could not be ascribed to a difference in view or the product of [its] expertise."

Lister, 942 F.2d at 1189. In Lister, because the managers' pensions were based on salary alone, which invariably was less than the salesmens' pension that were based on commissions, the plan in Lister must have contemplated commissions as a pension benefit. However, interpreting the plan language in this case would not lead to an implausible result. Contrary to the circumstances in Lister, Pergugini's compensation can easily be characterized as a bonus because not only did the employment agreement define it as such, but because the result is not counter to the evidence before us.

The district court correctly classified the branch profits as bonuses. Certainly, the branch profits cannot be considered salary because although they were earned on a monthly basis, they were in no way fixed compensation. Additionally, the branch profits are unlike ordinary commissions because although they are calculated as a percentage of the proceeds, they are not based on Perugini's personal sales, but rather on the sales of the branch as a whole. Furthermore, Perugini's contention that the branch profits are contractually required is of no avail because the plan distinguishes discretionary from nondiscretionary bonuses--it excludes nondiscretionary bonuses altogether. Therefore, contrary to Perugini's claims, the plan contemplates nondiscretionary bonuses like the compensation at issue here. This interpretation is consistent with the description of branch profits in the employment agreement. Accordingly, the district court was correct in finding that the branch profits are better described as bonuses rather than

commissions./3

III.  CONCLUSION

   The court was correct in applying a de
novo standard of review in this case and
it properly classified Perugini's
compensation as a bonus. We therefore
AFFIRM the judgment of the district court.

FOOTNOTES

/1 "The Company shall also pay a bonus to Employee
equal to fifty percent (50%) of the Net Profits
(as hereinafter defined) of the Branch ("Bonus")
annually within thirty (30) days following the
end of the Branch's fiscal year." Appellant's Ex.
A-034.

/2 The Second Circuit concluded that even if the
plan language had required "proof satisfactory to
the decision-maker," that this language would
also be inadequate to reserve discretionary
review. We need not go that far, however, because
the language here was ambiguous as to whether
"satisfactory" invoked a subjective determina-
tion.

/3 Perugini also complains that the district court
should have stricken Reliance's evidence regard-
ing the negotiations between Reliance and Home-
stead because the evidence was not produced in
compliance with Rule 26(a)(1). Fed. R. Civ. P.
26(a)(1) (initial disclosures). The district
court denied her motion as moot and stated that
it did not consider it. We will not disturb this
holding and we did not consider the disputed
evidence in making our decision.